BENJAMIN B. WAGNER
United States Attorney
JOHN K. VINCENT
BRIAN A. FOGERTY
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

**FILED**
APR 27 2016
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

KULVIR SINGH CHEEMA,

Defendant.

CASE NO. 2:16-CR-0070 GEB

STIPULATION AND [PROPOSED] PROTECTIVE ORDER RE: DISSEMINATION OF DISCOVERY DOCUMENTS CONTAINING NAMES AND PERSONAL IDENTIFYING INFORMATION

Pursuant to Fed. R. Crim. P. 16(d), the undersigned parties in this case, *United States v. Kulvir Singh Cheema*, 2:16-cr-0070 GEB, stipulate and agree, and respectfully request that the Court order that:

1. The United States shall turn over discovery containing personal identifying information of third parties in this case subject to this stipulation and associated protective order.

2. Certain documents in the government's discovery production contain names and personal identifying information of the defendant and other individuals (hereinafter, the "Protected Material"). Such personal identifying information includes, but is not limited to, surnames, street addresses, telephone numbers, drivers' license numbers, social security numbers, financial account numbers, dates of birth, and any other alphanumeric identifiers attributed to any person. Any pages of discovery that contain no personal identifying information are not subject to this order.

STIPULATION AND [PROPOSED] PROTECTIVE ORDER      1

3. The Protected Material is now and will forever remain the property of the United States. The Protected Material is entrusted to counsel for the defendant only for purposes of representation in this case. Defense counsel will return the discovery or certify that it has been shredded at the conclusion of the case and defense counsel's document retention obligations.

4. Defense counsel will store the discovery in a secure place and will use reasonable care to ensure that it is not disclosed to third persons in violation of this agreement.

5. Counsel for the defendant shall not give Protected Material or any copy of Protected Material to any person other than counsel's staff, investigator, or retained expert(s). The terms "staff," "investigator," and "expert" shall not be construed to describe any defendant or other person not either regularly employed by counsel or a licensed investigator or expert hired in this case.

6. Any person receiving Protected Material or a copy of Protected Material from counsel for the defendant shall be bound by the same obligations as counsel and further may not give the Protected Material to anyone (except that the Protected Material shall be returned to counsel).

7. Counsel shall maintain a list of persons to whom any Protected Material, or copies thereof, has been given. Such persons shall be shown a copy of this Stipulation and Order and shall sign a copy of the Stipulation and Order and note that they understand its terms and agree to them before Protected Material is given to them..

8. Counsel shall advise such persons that the discovery is the property of the United States Government, that the discovery and information therein may only be used in connections with the litigation of this case and for no other purpose, and that an unauthorized use of the discovery may constitute a violation of law and/or contempt of court.

9. The defendant may review the Protected Material and be aware of its contents, but shall not be given control of the Protected Material or any copies thereof. Notwithstanding the foregoing, counsel is permitted to provide the defendant with copies of documents otherwise classifiable as Protected Material so long as counsel completely redacts all personal identifying information from those documents prior to providing them to the defendant.

10. Defense counsel shall advise government counsel of any subpoenas, document requests, or claims for access to the discovery by third parties in order that the government may take action to

resist or comply with such demands as it may deem appropriate.

11. In the event that the defendant obtains substitute counsel, undersigned defense counsel agrees to return to government counsel all discovery provided under this order, in order that the government may arrange for substituted counsel to sign the order and for the reissuance of discovery to new counsel.

12. The foregoing notwithstanding, after the Trial Confirmation Hearing in this case, counsel, staff, and investigator for the defendant who has confirmed for trial may make copies of the Protected Material for trial preparation and presentation. Any copies must, however, remain in the possession of counsel, staff, investigator, expert, or the Court.

Respectfully Submitted,

BENJAMIN B. WAGNER
United States Attorney

DATE: April 27, 2016

By: /s/ John K. Vincent
JOHN K. VINCENT
Assistant U.S. Attorney

DATE: April 27, 2015

/s/ Rattan Dev S. Dhaliwal

Attorney for KULVIR SINGH CHEEMA

ORDER

By agreement of the parties, and good cause appearing therefore, IT IS SO ORDERED:

DATED: April 27, 2016

United States Magistrate Judge

STIPULATION AND [PROPOSED] PROTECTIVE ORDER                 3